{¶ 42} I respectfully dissent from its disposition of CSB's first assignment of error. I would follow the reasoning of the Eighth District Court of Appeals in In re M.W., 8th Dist. No. 83390, 2005-Ohio-1302, at ¶ 25. The language of R.C. 2151.353(A)(5) is clear and unambiguous and indicates that the legislature expressly limited the trial court's discretion to consider the dispositional option of a PPLA to situations that satisfy the enumerated criteria, including that the children services agency requested such a disposition. Id. Because CSB made no such request in this case, the trial court acted outside its statutory authority by placing these children in a PPLA.
 {¶ 43} I would sustain CSB's first assignment of error and reverse the judgment of the trial court. Given this disposition, the matter would necessarily be remanded to the trial court for a new permanent custody decision, because it is apparent from the trial court's opinion that its permanent custody decision was greatly influenced by its understanding that it had the option of placing the children in a PPLA.